**NOT FOR PUBLICATION**                                    **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HASSAN ALI, | Civil Action No. 04-cv-4895(SDW) |
| Plaintiff, | |
| v. | OPINION |
| DEVON BROWN, TERRANCE MOORE, ROBERT SILVA, GARY LASSITER, and EDWARD KOCSEHA | |
| Defendant. | July 7, 2008 |

**WIGENTON, District Judge**

Before the Court is a motion for summary judgment ("Motion"), pursuant to Federal Rule of Civil Procedure 56(c), filed on behalf of defendants Terrance Moore, Robert Silva, Gary Lassiter, and Edward Kocseha (collectively "Defendants"),[1] in regard to the Amended Complaint filed by Hassan Ali ("Plaintiff") under 42 U.S.C. § 1983.

The Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court grants summary judgment in favor of Defendants.

**I.  Jurisdiction**

The Court has jurisdiction over the 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331, which states, "[t]he district courts shall have original jurisdiction of all civil actions arising under

---

[1] Devon Brown was also named as a defendant in this matter, but was terminated when his motion to dismiss Plaintiff's Amended Complaint was granted on January 22, 2007 by this Court.

1

the Constitution, laws, or treaties of the United States."

**II.     Background**

Plaintiff, an inmate at East Jersey State Prison, was confined in the six-wing trailer where on February 25, 2004, an electrical fire occurred. (Am. Compl. ¶ 8). Defendants Silva and Lassiter, both of whom were employed as senior correction officers, were on duty outside the trailer. (Am. Compl. ¶ 9). After the fire started, Plaintiff claims he was awakened by the strong smell of burning wood and allegedly inhaled large quantities of smoke. (Am. Compl. ¶ 9). Plaintiff alleges that he found his way to safety outside the trailer on his own, then was met by Defendants Silva and Lassiter. (Am. Compl. ¶ 10). Defendants detained Plaintiff outside the trailer and he was later transferred to another area of the prison. (Am. Compl. ¶ 17).

On October 25, 2004, Plaintiff filed a Complaint under 42 U.S.C. § 1983, alleging that Defendants deprived him of the rights and privileges granted by the Eighth Amendment. ( Compl. ¶¶ 1, 5). On October 17, 2006, Plaintiff filed an Amended Complaint. Specifically, Plaintiff alleges Defendants failed to provide Plaintiff with a "fire hazard free safe environment." (Am. Compl. ¶ 2.) Plaintiff also claims that Defendants failed "to [provide] fire alarm, fire suppress system, and train officers to confront a fire within the prison system." (Am. Compl. ¶ 5.) Plaintiff further claims that Defendants acted in a "reckless, careless, neglig[ent], [and] wanton" manner in maintaining and repairing the trailer. (Am. Compl. ¶¶ 2, 7, 13).

### III. Legal Standards

#### A. Summary Judgement

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material" fact is one "that might affect the outcome of the suit under the governing law[,]" and such a material fact will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant and it is material if, under the substantive law, it would affect the outcome of the suit. *Id.* The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 318 (1986).

Once the moving party meets the initial burden, the burden then shifts to the non-movant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but rather determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991). The nonmoving party "may not rest upon mere allegations or denials" of its pleading, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to reasonably support a jury verdict in its favor. *Anderson*, 477 U.S. at 249.

### B. 42 U.S.C. § 1983 and Eighth Amendment

#### 1. Section 1983

Section 1983 of Title 42 subjects to liability:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. 42 U.S.C. § 1983.

In order to establish a viable § 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law and that this conduct deprived the plaintiff of his rights, privileges, and immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) overruled in part on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)). "The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(citing *Graham v. Connor*, 490 U.S. 386, 394 (1989), and *Baker v. McCollan*, 443 U.S. 137, 140 (1979)).

#### 2. Eighth Amendment

The treatment an inmate receives in prison and the conditions under which he is confined "are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment to the United States Constitution prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). The standard used to determine "cruel and unusual" is whether the punishment is an "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." *Helling*, 509 U.S. at 32.

To state a claim under the Eighth Amendment, an inmate must assert that his punishment was objectively and subjectively cruel and unusual. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component is satisfied only when the deprivations alleged deny the prisoner of "the minimal civilized measure of life's necessities." *Helling*, 509 U.S. at 32 (quoting *Rhodes*, 452 U.S. at 346). Additionally, the deprivations must be serious, because only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. *Hudson v. McMilian*, 503 U.S. 1, 9 (1992).

A plaintiff can satisfy the objective component if he can show that the alleged conditions of confinement deprive him of "the minimal civilized measure of life's necessities," such as adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes*, 452 U.S. at 347-48; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, the Constitution does not mandate that the prisoners be comfortable while incarcerated. *Rhodes*, 452 U.S. at 349. Prison conditions that are "restrictive" or "harsh" are merely part of the penalty that criminal offenders pay for their offenses. *Id*. at 347.

The subjective component requires that the state employee acted with "deliberate indifference," which imputes a state of mind of reckless disregard on the actor. *See Farmer* , 511 U.S. at 835; *see also Wilson*, 501 U.S. at 303. An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials were aware of substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety." *Ingalls v. Florio*, 968 F.Supp. 193, 198 (D.N.J. 1997).

Additionally, a prisoner may bring a failure-to-protect claim under the Eighth Amendment. *Farmer*, 511 U.S. at 833. To sustain a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm" and that prison officials were aware

5

of this harm and disregarded the excessive risk to the inmate's safety. *Farmer*, 511 U.S. at 833, 837. "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842.

**IV.  Discussion**

In the instant matter, there are no genuine issues as to any material facts that would preclude summary judgment. The following is a discussion of the issues raised by the parties.

The first issue before this Court is whether Plaintiff has demonstrated that insufficient fire safety procedures and overcrowding in the six-wing trailer rise to the level of "extreme deprivation" and indicate conditions that violate the Eighth Amendment. *Hudson*, 503 U.S. at 9. Plaintiff claims that he "was subjected to a life threatening hazard" because of overcrowding and inadequate fire safety procedures in the six-wing trailer. (Am. Compl. ¶ 8.) Plaintiff alleges he was deprived of reasonable safety by the Defendants' "failure to provide fire alarms, fire suppress systems" and "failure to train officers to confront a fire." (Am. Compl. ¶ 5.) Plaintiff also alleges that he continued to "inhale large amounts of smoke while officers searched for the keys to unlock the pad lock fence," which held the inmates close to the trailer. (Am. Compl. ¶ 10.) The Third Circuit has held that fire safety conditions in prisons fell below constitutional requirements where "there is no equipment for detecting or fighting major fires, there is a high concentration of combustible materials in storage areas near the housing units, and there are no smoke exhaust fans." *Tillery v.*

*Owens*, 907 F.2d 418, 424 (3d Cir. 1990).[2] Plaintiff does not allege any of the aforementioned deficiencies; he does, however, state that the fire department was contacted at the time of the incident and they extinguished the fire. (Am. Compl. ¶ 14). Plaintiff also states that he was transferred to another prison the same day the fire occurred (Am. Compl. ¶ 17).[3] Further, the record does not support a finding that the six-wing trailer unit had inadequate fire safeguards.

Plaintiff also alleges that the six-wing trailer was "not suitable to live in" and was "only made to house 80 inmates," instead of the 99 that were housed in the trailer. (Am. Compl. ¶ 12.) Plaintiff's argument that the overcrowding of the six-wing trailer violates his rights under the Eighth Amendment does not rise to the level of a "deprivation denying the minimal civilized measure of life's necessities." The Supreme Court has held that the Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency...Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society'... or which 'involve the unnecessary and wanton infliction of pain'." *Estelle v. Gamble,* 429 U.S. 97, 103, 290 (1976)(holding that the government has an obligation to provide medical care for individuals that are being punished by incarceration)(internal citations omitted); *see also Gregg v. Georgia*, 428 U.S. 153, 172-73 (1976). Notably, the Supreme Court has held that the Eighth Amendment was not violated when the prison population was thirty-eight percent above design capacity. *Rhodes v.*

---

[2] However, the *Tillery* court held that these fire safety standards, in conjunction with several other severe deficiencies regarding the organization of the prisoners, sanitation standards, shower conditions, lighting, and ventilation, were below constitutional requirements. *Tillery,* 907 F.2d at 425.

[3] Defendants contend that as Plaintiff was transferred to different housing following the fire, Plaintiff's claims are moot. (Def's Br. at 2.)

*Chapman,* 452 U.S. 337 (1981).[4]  Thus, Plaintiff has failed to satisfy the objective component of an Eighth Amendment action.

In order to satisfy the subjective component of an Eighth Amendment claim the plaintiff must show that defendants acted with "deliberate indifference" with regard to the safety of the inmates. *See Farmer,* 511 U.S. at 835; *see also Wilson*, 501 U.S. at 303.  Numerous courts have held that the deliberate indifference standard is greater than a negligent standard.  *See Newman v. Holmes*, 122 F.3d 650 ("Deliberate indifference includes something more than negligence but less than actual intent to harm"); *see also Farmer*, 511 U.S. at 835-36 ("deliberate indifference describes a state of mind more blameworthy than negligence...[i]t is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk").

Plaintiff alleges that Devon Brown, Commissioner of the New Jersey Department of Corrections, and Defendant Moore, a prison administrator, failed to train Defendants Silva and Lassiter in the proper procedures to combat a fire. (Am. Compl. ¶ 11).  To establish a § 1983 claim for failure to train, Plaintiff  "must demonstrate (1) that the failure to train amounts to deliberate indifference to the rights of the persons with whom the [official] . . . come[s] into contact and (2) a direct causal link between the policy or custom and the alleged constitutional deprivation."  *City of Canton v. Harris*, 489 U.S. 378, 385, 388 (1989).  The Third Circuit has found supervisors liable

---

[4]  *Lopez v. Robinson*, 914 F.2d 486, 493 (4th Cir. 1990) (holding the Eighth Amendment was not violated when prison population was thirty percent above design capacity because record was devoid of significant negative effects on inmates such as inmate hostility, availability of prison jobs, or adequacy of meals); *Nami v. Fauver,* 82 F.3d 63 (3d Cir. 1996)(finding that when overcrowding in the facilities is accompanied with severe confinement conditions and sexual assaults, then such housing conditions violate the Eighth Amendment).  In the present case, the prison population may have been above design capacity, but as alleged does not rise to the level of overcrowding as stated in *Rhodes.*  452 U.S. 337.

only where the plaintiff demonstrates both "(1) contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents; and (2) circumstances under which the supervisor's inaction could be found to have communicated a message of approval to the offending subordinate." *Chinchello v. Fenton,* 805 F.2d 126, 133 (3d Cir. 1986)(holding that where plaintiff did not allege a prior pattern of conduct or demonstrate that the supervisor approved of such conduct, the alleged facts did not support an inference that the official was aware of a substantial risk of injury to another in his custody). However, the Third Circuit has also held "that there is no affirmative constitutional duty to train, supervise, and discipline subordinates," *Id.* at 133 (citing *Rizzo v. Good,* 423 U.S. 362, 377(1976)).[5] Moreover, allegations regarding a supervisory official's "failure to train, supervise and discipline prison officials would not support a claim that the supervisory official's conduct violate[d] a clearly established constitutional duty." *Colburn v. Upper Darby Twp.,* 838 F.2d 663, 672 (3d Cir. 1988).[6] As alleged, Plaintiff's claim does not satisfy the two-prong test set forth in *Chinchello* for finding supervisor liability. 805 F.2d at133.

To establish a failure-to-protect claim, an inmate must show that he is "incarcerated under conditions posing a substantial risk of harm" and that Defendants were aware of this risk of harm and acted with deliberate indifference. *Farmer*, 511 U.S. at 833, 837. A finding of deliberate

---

[5] *See Chinchello*, 805 F.2d at 133 (noting that while supervisory officials may not authorize, encourage, or approve constitutional torts, the official may not be held liable unless he/she played an affirmative role in the deprivation of those constitutional rights); *Blacknall v. Citarella ,*168 Fed. Appx. 489, 492 (3d Cir. 2006) (finding that a supervisor may be liable for failing to train police officers when the failure to train demonstrates deliberate indifference to the constitutional rights of those with whom the officers may come into contact); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990) (noting "that an official's mere inaction in the face of subordinate officer's unconstitutional actions does not render the officer liable.")

[6] In the *Colburn* case, the court noted that the plaintiff only alleged a single and isolated instance of defendant's lack of training in proper search techniques, thus plaintiff did not satisfy the two-pronged test for finding liability based on failure to train as set forth in *Chinchello. Colburn*, 838 F.2d at 673. Similarly, in the present case, Plaintiff has only alleged an isolated incident of Defendants' alleged lack of training to properly combat a fire and has not indicated that supervisors had knowledge of a prior pattern of similar incidents.

indifference requires that Defendants must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, [they] must also draw that inference." *Farmer*, 511 U.S. at 837. Plaintiff has failed to set forth sufficient facts to permit an inference that he was at a serious risk of harm due to inadequate fire safety procedures or overcrowded living conditions. Additionally, Plaintiff alleges that he inhaled smoke while waiting for Defendants to "unlock the pad lock fence." (Am. Compl. ¶ 10). Plaintiff's inhalation of smoke while waiting to be transferred to a different area, does not mean that Defendants' actions were unreasonable. Plaintiff has not demonstrated that Defendants put Plaintiff at risk while transferring him to safety or acted unreasonably. (Pl.'s Br. at 5). "Prison officials who act reasonably can not be found liable under the Cruel and Unusual Punishment Clause." *Farmer*, 511 U.S. at 844.

The Court finds that Defendants did not act with deliberate indifference.[7] Plaintiff has failed to set forth sufficient facts to permit an inference that Defendants were aware or should have been aware that the trailer was a fire hazard. (Pl.'s Br. at 5). Plaintiff's factual allegations do not establish a viable § 1983 or Eighth Amendment claim. Therefore, the Court dismisses Plaintiff's claims with respect to this matter.

---

[7] Even if Plaintiff were to establish that Defendants may have been negligent, negligence is not actionable under § 1983. *See Davidson v. O'Lone,* 752 F.2d 817 (3rd Cir. 1984) (in banc), aff'd sub nom. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (finding no constitutional requirement of compensation when a government official is merely negligent).

**V.** **Conclusion**

      For the foregoing reasons, the Court grants Defendants' request for summary judgement pursuant to Federal Rule of Civil Procedure 56(c).

s/Susan D. Wigenton, U.S.D.J.

cc: Judge Madeline C. Arleo, U.S.M.J.